UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WAYNE GORDON & TONI ROMIG, | Civ. No. 11-3176 (JRT/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE FARM FIRE & CASUALTY CO., | |
| Defendants. | |

---

This matter came before the undersigned United States Magistrate Judge upon the Defendant's Motion to Strike.  The case has been referred to the undersigned Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1).  A hearing on the motion was conducted on August 2, 2012.  For reasons outlined below, the Court recommends that Plaintiffs' Motion be GRANTED.

**I.   BACKGROUND**

On April 27, 2011, a fire damaged Wayne Gordon and Toni Romig's property in Aitkin, MN.  (Compl. ¶¶ 5, 13).  The Complaint alleges that Plaintiffs suffered real property and personal property damage as a result of the fire.  (Compl. ¶ 25).  After the fire, Plaintiffs submitted a Fire Damage Claim to the Defendant.  (Compl. ¶ 17).  Both parties agree that Plaintiffs' home was considered a "total loss" under the policy and Minn. Stat. § 65A.01, subd. 5.  However, Defendant capped reimbursable living expenses under the policy at four months. (Compl. ¶ 19).  Plaintiffs contend that the Defendant limited living expenses to four months in violation of their policy.  In addition, Plaintiffs also contend that the Defendant withheld other benefits owed to them under the policy.

1

On the basis of these facts, Plaintiffs bring a number of claims including breach of contract, unjust enrichment, and a claim under Minn. Stat. § 604.18 for the taxation of costs and attorneys fees.

Presently before the Court is Defendant's motion pursuant to Fed. R. Civ. P. 12(f) to strike Plaintiffs' claim under Minn. Stat. § 604.18 from the Complaint.[1]

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Because such relief is an "extreme measure," however, motions under Rule 12(f) are viewed with disfavor in the Eighth Circuit and are infrequently granted. Stanbury Law Firm, P.A. v. Internal Revenue Serv., 221 F.3d 1059, 1063 (8th Cir. 2000); Daigle v. Ford Motor Co., 713 F.Supp.2d 822, 830 (D. Minn. 2010). Nevertheless, the Court has "liberal discretion" under the rule, Stanbury, 221 F.3d at 1063, and a motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." Daigle, 713 F.Supp.2d at 830.

## III.   DISCUSSION

### A.   Whether Defendant's Motion is Untimely

---

[1] The Defendant in its reply brief raises for the first time an argument that the Court should grant judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as to Plaintiffs' claim under Minn. Stat. § 604.18. However, the Court denies the request because local rule 7.1 which states that "[a] reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response." Here, Defendant's arguments regarding judgment on the pleadings are new grounds for relief. Moreover, Plaintiffs arguments are entirely conclusory and merely state that "even taking all of Plaintiffs' allegations as true, their claim asserted under Minn. Stat. 604.18 cannot stand as Plaintiffs' [sic] have not met their burden of proving to the court by motion supported by affidavits that a cause of action is supported in this case." (Def's Reply, p. 4). These allegations are insufficient to justify judgment on the pleadings in Plaintiffs' favor.

Plaintiff contends that the Defendant's Motion to Strike is untimely because the motion was not filed before the Defendant filed its answer on November 22, 2011, or within 21 days of being served with the pleading.

The Court notes that Defendant's motion is technically late because Federal Rule of Civil Procedure 12(f) requires that any motion to strike be filed either before responding to a pleading or, if a response is not required, within 20 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). Nevertheless, a court may consider an untimely motion to strike because it also has the authority to strike material from the pleadings on its own initiative. Fed. R. Civ. P. 12(f)(1). Lunsford v. United States, 570 F.2d 221, 227 n. 11 (8th Cir. 1977); United States v. Lot 65 Pine Meadows, 976 F.2d 1155, 1157 (8th Cir. 1992) (Rule 12(f) "has been interpreted to allow the [district] court to consider untimely motions to strike and to grant them if doing so seems proper.... In light of this, the time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit.").

In this case, because the Defendant's motion appears to have some merit, the Court exercises its discretion and considers the motion to strike even though it was untimely.

**B.   Merits**

Defendant seeks to strike Plaintiff's "Insurance Standard of Conduct Act" claim under Minn. Stat. § 604.18. The relevant provisions of Minn. Stat. § 604.18 read:

> Subd. 2. Liability. (a) The court may award as taxable costs to an insured against an insurer amounts as provided in subdivision 3 if the insured can show:
>
> > (1) the absence of a reasonable basis for denying the benefits of the insurance policy; and
>
> > (2) that the insurer knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis for denying the benefits of the insurance policy.

\* \* \*

>Subd. 4. Claim for taxable costs. (a) Upon commencement of a civil action by an insured against an insurer, the complaint must not seek a recovery under this section. After filing the suit, a party may make a motion to amend the pleadings to claim recovery of taxable costs under this section. The motion must allege the applicable legal basis under this section for awarding taxable costs under this section, and must be accompanied by one or more affidavits showing the factual basis for the motion. The motion may be opposed by the submission of one or more affidavits showing there is no factual basis for the motion. At the hearing, if the court finds prima facie evidence in support of the motion, the court may grant the moving party permission to amend the pleadings to claim taxable costs under this section.

Defendant argues that the language in Minn. Stat. § 604.18 stating that "the complaint must not seek recovery under this section" renders the Plaintiffs' claim improper and requires striking the claim. (Def's Mem., p. 4). In its analysis, the Defendant analogizes Minn. Stat. § 604.18 subd. 4 to the language of the statute allowing parties to seek punitive damages, Minn. Stat. § 549.191, which requires that claims for punitive damages be brought as a motion to amend rather than as part of the original complaint.[2] (Def's Mem., p. 4-6). As such, the Defendant contends that a claim under Minn. Stat. § 604.18 can only be brought pursuant to a motion to amend after prima facie evidence of the requirements in Minn. Stat. § 604.18, subd. 2 has been presented.

In response, Plaintiffs contend that requiring a claim under Minn. Stat. § 604.18 to be brought pursuant to a motion to amend conflicts with federal procedure because the federal rules, not a state statute, apply when bringing claims in federal court. (Pls' Mem., p. 4). Moreover,

---

[2] Minn. Stat. § 549.191 states:
>Upon commencement of a civil action, the complaint must not seek punitive damages. After filing the suit, a party may make a motion to amend the pleadings to claim punitive damages. The motion must allege the applicable legal basis under section 549.20 or other law for awarding punitive damages in the action and must be accompanied by one or more affidavits showing the factual basis for the claim. At the hearing on the motion, if the court finds prima facie evidence in support of the motion, the court shall grant the moving party permission to amend the pleadings to claim punitive damages. For purposes of tolling the statute of limitations, pleadings amended under this section relate back to the time the action was commenced.

Minn. Stat. § 549.20 requires that "[p]unitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others."

4

Plaintiffs assert that the punitive damages statute differs from a claim under Minn. Stat. § 604.18 because the former requires a party to meet the clear and convincing evidence standard while the latter employs a preponderance of the evidence standard. (Pls' Mem., p. 5). Thus, a claim under Minn. Stat. § 604.18 is subject to the same standard of proof as ordinary civil state-law claims and is decided by a trier of fact. Id.

Plaintiffs' contention that federal procedural rules prevent the Court from applying Minn. Stat. § 604.18 is unconvincing. Two analyses apply when determining whether to apply a state law in a federal action. First, where the state provision directly collides with the plain meaning of a Federal Rule of Civil Procedure, the court analyzes whether the federal rule is authorized by the Rules Enabling Act and whether it violates any constitutional principles. Walker v. Armco Steel Corp., 446 U.S. 740, 749-50 (1980); Hannah v. Plumer, 380 U.S. 460, 469-71 (1965). However, "when there exists only a **potential** conflict between a state and a federal law—where the state law and federal law can "peacefully co-exist"—the court must engage in a choice of law analysis that evaluates if the choice of law determination "is substantial enough to raise equal protection problems or influence the choice of forum." In re Levaquin Products Liability Litigation, 2010 WL 4867588, at *1 (D. Minn. Nov. 23, 2010)(emphasis in original). The second analysis is derived from the Court's opinion in Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Walker, 446 U.S. at 753; Hannah, 380 U.S. at 468.

Thus, the Court must first analyze whether a federal rule conflicts with the state provision.

Here, the Plaintiffs do not point to any federal rule that conflicts with Minn. Stat. § 604.18, nor has the Court been made aware of any federal statute that conflicts with the state

provision.[3]  Instead, Plaintiffs appear to rely on the second step of the analysis.  As such, because only a potential conflict exists between the Federal Rules of Civil Procedure and Minn. Stat. § 604.18 the Court should apply the analysis of Erie.  See Walker, 446 U.S. at 752–53 ("Since there is no direct conflict between the Federal Rule and the state law, ... the policies behind Erie ... control the issue [and the relevant inquiry is] whether ... failure to apply the state ... law might not create any problem of forum shopping, the result would be an 'inequitable administration' of the law.")  Such an analysis asks "whether the variation between litigation with [Minn. Stat. § 604.18] enforced and without [Minn. Stat. § 604.18] enforced is substantial enough to raise equal protection problems or influence the choice of forum." Green Tree Acceptance, Inc., 1990 WL 36142, at *2 (citing Walker, 446 U.S. at 752-53; Hannah, 380 U.S. at 470)).

   Before applying Erie to the present case, the Court first briefly addresses Plaintiffs' contention that cases analyzing Minnesota's punitive damages statute are not persuasive.  Plaintiffs point to differences between the punitive damages statute, Minn. Stat. § 549.191, and Minn. Stat. § 604.18 in support of their argument.  However, for the purposes of Erie, the two statutes are similar enough that the reasoning from other cases within this district analyzing Minnesota's punitive damages statutes is persuasive.  Plaintiffs primarily rely on the fact that Minn. Stat. § 549. 20 requires that the moving party demonstrate "clear and convincing evidence" in support of a punitive damages claim before it can be asserted while Minn. Stat. § 604.18 has no such requirement.  The standard of review does not affect the Erie analysis to such

---

[3] The only potential provisions that could conflict would be Fed. R. Civ. P. 8 and 15.  However, both of these provisions can coexist with Minn. Stat. § 604.18 without a direct conflict.  See Green Tree Acceptance, Inc., 1990 WL 36142, at *1(finding that Minn. Stat. § 549.191 did not conflict with Fed. R. Civ. P. 15 even though it changed the standard of review for motions to amend because it could also coexist with Minn. R. 15.02 governing the amendment of pleadings); Kuehn v. Shelcore, Inc., 686 F.Supp. 233, 234 -235 (D. Minn. 1988) (finding that Minn. Stat. § 549.191 did not directly conflict with Fed. R. Civ. P. 8 because both can be given simultaneous effect and Rule 8 is concerned with simplifying pleading requirements while Minn. Stat. § 549.191 seeks to deter past abusive pleading practices).

an extent that they render the comparison inapplicable as Plaintiffs argue.[4] In addition, another court in Minnesota has analogized the punitive damages provisions of Minn. Stat. §§ 549.191 and 549.20 to Minn. Stat. § 608.18. See Friedberg v. Chubb & Son, Inc., 800 F.Supp.2d 1020, 1024 (D. Minn. 2011)(stating that "[a]s with punitive damages claims in Minnesota, the Court is expected to exercise a gate-keeping function to review these claims [under Minn. Stat. § 608.18] before they can proceed").

Turning to the application of Erie to this case, allowing plaintiffs to bypass the requirements of Minn. Stat. § 604.18 would likely influence the choice of forum. Like the punitive damages statute, Minn. Stat. § 604.18 prevents a claim for taxable costs from being part of the case "unless and until plaintiff can make a *prima facie* showing" under section Minn. Stat. § 604.18. Green Tree Acceptance, Inc., 1990 WL 36142, at *3 (analyzing Minn. Stat. § 549.191 under Erie). This showing requires that the Plaintiffs demonstrate prima facie evidence that the "absence of a reasonable basis for denying the benefits of the insurance policy" and that the "insurer knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis for denying the benefits of the insurance policy." Minn. Stat. § 604.18, subd. 2. As the court noted in Green Tree Acceptance when analyzing whether Minn. Stat. §§ 549.191 and 549.20 should be applied in federal court, "[w]hen faced with the choice between a forum which applies section 549.191 and one which

---

[4] In support of their argument, Plaintiffs also rely on Hackbarth v. State Farm Fire & Casualty Co., 11-CV-690 (DSD/FLN) to support their contention that Minn. Stat. § 604.18 is so different than Minn. Stat. § 549.191 such that this court's prior decisions regarding the requirement that punitive damages be asserted through a motion to amend should not be followed when faced with a claim under Minn. Stat. § 604.18. Plaintiffs claim that in Hackbarth the decision of whether to grant damages under Minn. Stat. § 604.18 is a legal question decided by the judge and never by the jury. In Hackbarth, as the Plaintiffs correctly point out, the jury was not instructed to decide whether an award of taxable costs was appropriate. However, it is unclear why this distinction renders Minn. Stat. § 604.18 procedural or distinct from Minn. Stat. § 549.191. Whether the jury ever hears a claim under Minn. Stat. § 604.18 is completely irrelevant. In fact, in Hackbarth when considering a motion to amend to add a claim under Minn. Stat. § 604.18, the Court made the same analogy that Plaintiffs argue against here. In Hackbarth, the Court analogized the statute to Minn. Stat. § 549.191 and required the plaintiff, like in a punitive damages claim, to demonstrate prima facie evidence that the defendant lacked a reasonable basis for denying benefits under the policy. See Hackbarth, 11-CV-690 (DSD/FLN)(Docket No. 31).

does not, a party might well choose the later because it provides a tactical, though non-dispositive advantage." 1990 WL 36142, at *3; see also Kuehn v. Shelcore, Inc., 686 F.Supp. 233, 235 (D. Minn. 1998) (application of Minn. Stat. § 549.191 in federal courts in diversity cases deters forum shopping).  The same circumstance exists here.  Minn. Stat. § 604.18 creates a preliminary evidentiary burden that the Plaintiffs must meet before they can allege a claim for taxable costs as a penalty for bad faith actions on the part of a defendant insurer.  If Minn. Stat. § 604.18 was not applied in federal court, a plaintiff might well be influenced to choose a federal forum based on plaintiff's ability to brandish a claim for taxable costs against an insurer as a tool for promoting an advantageous settlement or otherwise advancing his claims.  Compare with Zeelan Indus., Inc. v. de Zeeuw, 706 F.Supp. 702, 705 (D. Minn. 1989).

In addition, the Court notes that the clear and substantial weight of authority analyzing the analogous Minnesota punitive damages law, Minn. Stat. §§ 549.191 & 549.20, under Erie has applied Minnesota law.  Haley v. I-Flow, LLC, 2012 WL 1185680, at *3 (D. Minn. Apr. 10, 2012) (stating that "in a diversity case in this federal court a party must always comply with the procedural requirement of section 549.191"); In re Levaquin Products Liability Litigation, 2010 WL 4867588, at *1; Ulrich v. City of Crosby, 848 F.Supp. 861, 866 n. 5 (D. Minn. 1994) (noting "rationale of these decisions [applying Minn. Stat. § 549.191 in diversity cases] related to the need, under the precepts of Federalism, to curtail or prevent forum shopping"); Kuehn, 686 F.Supp. at 235; but see Jacobs v. Pickands Mather & Co., 1987 WL 47387 (D. Minn. Aug. 24, 1987)(finding Minn. Stat. § 549.191 to be procedural, and therefore, the statute need not be applied by a federal court sitting in diversity).  Moreover, at least one other courts in this district has applied the standard of Minn. Stat. § 604.18 on a motion to amend without considering whether it is procedural or substantive.  See Friedberg, 800 F.Supp.2d at 1024.

Therefore, the provisions of Minn. Stat. § 604.18 apply here to Plaintiffs' claim, and Plaintiffs' Complaint which asserted a claim under Minn. Stat. § 604.18 without the prerequisite motion is procedurally improper. Plaintiffs contend, however, that even if their Minn. Stat. § 604.18 claim is procedurally improper, striking it would have negative policy outcomes because it would increase the Court's workload by requiring the Court to consider a motion to amend at a later date and increase costs for the Plaintiffs. The Court does not agree. Engagement in litigation necessarily requires the costs associated with bringing routine but necessary motions such as a motion to amend. In addition, as a federal court acting under diversity jurisdiction, the Court must "require subscription to state statutes if application of a conflicting federal rules would encourage forum shopping," Fournier v. Marigold Foods, Inc., 678 F.Supp. 1420, 1422 (D. Minn. 1988), even if those rules require the Court to hear Plaintiff's motion to amend at a later date.

The Court recommends that the Plaintiff's claim under Minn. Stat. § 604.18 be stricken at this time. However, Plaintiffs are not precluded from complying with the statute later by bringing a fully briefed motion to amend with the requisite supporting evidence and affidavits demonstrating the "absence of a reasonable basis for denying the benefits of the insurance policy" and that the "insurer knew of the lack of a reasonable basis for denying the benefits of the insurance policy or acted in reckless disregard of the lack of a reasonable basis for denying the benefits of the insurance policy." Minn. Stat. § 604.18, subd. 2.[5]

Based on the foregoing, and all the files, records and proceedings herein,

---

[5] Plaintiffs maintain that they have prima facie evidence in support of a claim under Minn. Stat. § 604.18 and urge the Court to essentially turn the Defendants' motion to strike into Plaintiff's motion to amend. However, such an analysis is premature and the Court does not have the requisite evidence in the record or briefing in front of it to consider such a motion. Moreover, the Defendant should be given proper time to respond to any attempt by the Plaintiffs to demonstrate that the Defendant acted in bad faith in violation of Minn. Stat. § 604.18 as Defendant is permitted to do under the statute.

IT IS HEREBY RECOMMENDED that:

1. Defendant's Motion to Strike [Docket No. 15] be GRANTED.

Dated: August 17, 2012
          s/Leo I. Brisbois
          LEO I. BRISBOIS
          United States Magistrate Judge

N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 31, 2012,** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.